UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM C. HUGHES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-1331-RLW ) |
| HOWARD HUGHES CORP., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff William C. Hughes for leave to proceed in forma pauperis in this civil action.[1] Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces

---

[1] After filing the instant motion, plaintiff filed an amended motion for leave to proceed in forma pauperis in which he advised that his available funds had decreased, and that he wished to report a "$125 android phone gift that called Rep. Jason Chaffetz's office and that of the late Sen. John McCain. The previous phone, unbeknownst to me had called a Secret Service Chief of Staff's Sister, setting off an ongoing scandal. PRICELESS." (Docket No. 4 at 2) (emphasis in original). Because this information does not change the Court's decision to grant the previously-filed motion for leave to proceed in forma pauperis, the amended motion will be denied as moot.

not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

## The Complaint

Plaintiff brings this action against the Howard Hughes Corporation. In the complaint, plaintiff states he was "just made aware of the SUMMERLIN land acquisition and development in 1978," and next learned of Howard R. Hughes's six Las Vegas casinos. He states that a tall thin man with a mustache "astounded a family gathering by exiting with poker game winnings measured in 25 cent coins." He states that a man at his grandmother's house was Howard R. Hughes, that the Hughes Corporation has profited by using the Hughes name, and that "it is long past time for a court-ordered rightly supervised DNA test to prove it is Howard R. Hughes's son who has filed this case." Plaintiff states he demands a jury trial and liquidation of the Hughes Corporation's real estate investments, with the funds made available to him. He also demands a majority share of General Motors stock.

After filing the complaint, plaintiff filed correspondence containing statements about moving from the Mark Twain Hotel, incoherent statements about Alice in Wonderland, and the suggestion that the Court order the disclosure of the name of a woman who, the previous night, identified herself as a Secret Service agent.

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court concludes that none of the allegations the Court can decipher state a plausible claim for relief. The Federal Rules

of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil*, 508 U.S. at 113. Here, plaintiff has failed to follow the foregoing requirements. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. Additionally, the Court finds that plaintiff's allegations are clearly baseless under *Denton*. For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's amended motion for leave to proceed in forma pauperis (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of June, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE